UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Michael J. Stassi,

            Plaintiff,

 -v.-                 5:08-cv-00265
                        (NPM/DEP)

Village of North Syracuse; John Heindorf, *individually and as Mayor of the Village of North Syracuse*; David Wilkinson, *individually and in his official capacity as former Chief of the Village of North Syracuse Police Department*; Michael Casey, *individually and in his official capacity as a former Captain of the Village of North Syracuse Police Department*; and Daniel Keefe, *individually and in his official capacity as a former Sergeant of the Village of North Syracuse Police Department*,

            Defendants.

---

David Wilkinson, *individually and in his official capacity as former Chief of the Village of North Syracuse Police Department*,

            Counter Claimant,

 -v.-

Michael J. Stassi,

            Counter Defendant.

Michael Casey, *individually and in his official capacity as a former Captain of the Village of North Syracuse Police Department*,

                                                                    Counter Claimant,

       -v.-

Michael J. Stassi,

                                                                      Counter Defendant.

Daniel Keefe, *individually and in his official capacity as a former Sergeant of the Village of North Syracuse Police Department*,

                                                                     Cross Claimant,

       -v.-

Village of North Syracuse,

                                                                     Cross Defendant.

APPEARANCES:                                    OF COUNSEL:

LAW OFFICE OF DANIEL R.
 SEIDBERG,
Attorneys for Plaintiff and Counter
 Defendant, Michael J. Stassi                  Daniel R. Seidberg
5789 Widewaters Parkway
Syracuse, NY 13214

HISCOCK & BARCLAY, LLP
Attorneys for Defendant and Cross
 Claimant Daniel Keefe                         James P. Evans
One Park Place
300 South State Street
Syracuse, NY 13202-2078

CARTER, CONBOY, CASE,
 BLACKMORE, MALONEY
 & LAIRD, P.C.
Attorneys for Defendant and Cross
 Defendant Village of North Syracuse
 and Defendant John Heindorf              Michael J. Murphy

LYNCH SCHWAB, PLLC
Attorneys for Defendant and Counter
 Claimant David Wilkinson
2700 Bellevue Avenue                           Andrew J. Schwab
Syracuse, NY 13219

75 South Broadway                              Louis U. Gasparini
4th Floor
White Plains, NY 10601

MICHAEL J. VAVONESE
Attorney for Defendant and Counter
 Claimant Michael Casey                        Michael J. Vavonese
407 South Warren Street
Suite 300
Syracuse, NY 13202

Neal P. McCurn, Senior District Judge

## *Amended Memorandum, Decision and Order*

## *I. Introduction*

Presently before the court in this civil rights action is a motion for partial summary judgment by defendant and cross claimant Daniel Keefe ("Keefe") against defendant and cross defendant Village of North Syracuse ("the Village") seeking a declaratory judgment that the Village is obligated to provide for Keefe's defense pursuant to section 18 of the New York Public Officers Law. The Village has opposed the motion and Keefe has replied. Decision is rendered on the submitted papers without oral argument.

## *II. Background*

Plaintiff, Michael J. Stassi ("Stassi"), a former police officer for the Village's police department ("the Police Department"), commenced this civil rights action against the Village, its mayor, and several former employees of the Police Department, including Keefe, a former sergeant, as well as the former chief, David Wilkinson ("Wilkinson") and a former captain, Michael Casey ("Casey"). Stassi alleges claims of retaliation under the First Amendment, conspiracy to violate his civil rights, and a violation of his right to equal protection under the Fourteenth Amendment against all defendants. Keefe, Wilkinson and Casey are each sued in their individual and official capacities.

According to Stassi, he uncovered evidence of improprieties on behalf of several Police Department employees, including Keefe and Casey. After disclosing the evidence to Wilkinson, Stassi alleges he was retaliated against by Casey. Later, Stassi disclosed the evidence to the mayor and eventually to a Village trustee. Thereafter, Stassi alleges, all defendants retaliated against him in myriad ways.

In order to defend against this lawsuit, Keefe has hired the law firm of Hiscock & Barclay, LLP. Keefe has requested that the Village provide him with a

defense in accordance with state and local law, but the Village has refused. Accordingly, Keefe amended his answer to include cross claims against the Village for declaratory judgment, breach of contract, and violations of his right to due process and equal protection under the Fourteenth Amendment.  Keefe now seeks partial summary judgment against the Village on his cross claim for declaratory relief as well as his due process and equal protection cross claims, limited to the recovery of reasonable costs of his defense to date and reasonable defense costs throughout the duration of this case, which is the sole relief sought by Keefe through his cross claims as set forth in his amended answer.

### *III.  Discussion*

A motion for summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  See also Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008).  The movant, here Keefe, has the burden to show that no genuine factual dispute exists.  See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598 (1970)).  Further, when the court is deciding a motion for summary judgment, it must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor.  See id.

Keefe argues that as a matter of law, the Village must provide for his defense to this action.  Pursuant to Article 2 of the Village of North Syracuse Code, the benefits contained in section 18 of the New York Public Officers Law have been conferred upon all employees of the Village.  See Ex. G to Aff. of James P. Evans, Dec. 17, 2008, Dkt. No. 36.  Section 18(3)(a) of the New York

Public Officer's Law provides that the public entity, here the Village,

> shall provide for the defense of the employee in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties.

N.Y. PUB. OFF. LAW § 18(3)(a) (McKinney 2009). In opposition to Keefe's motion for partial summary judgment, the Village argues that in the Complaint, Stassi does not allege that Keefe acted within the scope of his employment, and that in any event, the Village investigated the underlying facts of the Complaint and determined that Keefe was in fact acting outside the scope of his employment.

The Court of Appeals for the Second Circuit has held that "the only reasonable interpretation of section 18(3)(a) is that the allegations in the complaint trigger" the duty to provide a defense. Hassan v. Fraccola, 851 F.2d 602, 604 (2d Cir. 1988). See also Higgins v. Town of Southampton, 613 F.Supp.2d 327, 329 (E.D.N.Y. 2009). Accordingly, it is the allegations in the Complaint, and not the Village's investigation, upon which the court relies to decide whether Keefe acted within the scope of his employment for purposes of applying section 18(3)(a).

The parties here agree that in the Complaint Stassi alleges that the Village acted "by and through" Keefe and that Keefe acted under color of state law. The Village argues, however, that those allegations are not equivalent to an allegation that Keefe acted within the scope of his employment, and that Stassi in fact alleged that Keefe acted outside the scope of his employment.

> In New York, an employee acts within the scope of his employment
>
> (1) when he is doing something in furtherance of the duties he owes to his employer; and (2) where the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities.

6

Roberts v. Lapp, No. 02-CV-746S, 2005 WL 578159, at *7 (W.D.N.Y. Mar. 9, 2005) (quoting Lundberg v. State, 255 N.E.2d 177, 179, 25 N.Y.2d 467, 306 N.Y.S.2d 947, 950 (1969)) (internal quotations omitted).  The Village argues that Stassi's allegations against Keefe, to wit, that Keefe threatened Stassi with physical harm and imposed disciplinary charges and unfavorable shift schedules upon him in retaliation for his disclosures of wrong doing, are retaliatory actions taken by Keefe for personal motives and not in furtherance of his employment duties.  To be sure, there are no allegations in the Complaint describing Keefe's motives as personal.  Moreover, while threats of physical harm may arguably be outside the scope of one's employment, the imposition of disciplinary charges and changes in shift schedules are clearly actions taken in furtherance of one's employment duties, and are activities over which an employer could be exercising some control.  Thus, the allegations in the Complaint trigger the Village's duty to provide Keefe with a defense pursuant to section 18(3)(a).  As such, Keefe's motion for partial summary judgment on his cross claim for a declaratory judgment that the Village is obligated and liable for reasonable legal fees and related disbursements that have accrued and which will accrue in the defense of Keefe in this action is granted.

Because the court grants Keefe the relief sought by his cross claims, as set forth in his amended answer, to wit, recovery of reasonable costs of his defense to date and reasonable defense costs throughout the duration of this case, it declines to address Keefe's arguments regarding his remaining Due Process and Equal Protections cross claims, and denies Keefe's motion for partial summary judgment in that regard.  Further, said cross claims, as well as Keefe's cross claim for breach of contract are moot, and are thereby dismissed.

## *IV. Conclusion*

It is ORDERED that the motion for partial summary judgment by defendant and cross claimant Daniel Keefe against defendant and cross defendant Village of North Syracuse, see Dkt. No. 33, seeking a declaratory judgment that the Village is obligated to provide for Keefe's defense pursuant to section 18 of the New York Public Officers Law is hereby GRANTED; and it is further

ORDERED that the motion for partial summary judgment by defendant and cross claimant Daniel Keefe against defendant and cross defendant Village of North Syracuse, see Dkt. No. 33, regarding his Due Process and Equal Protection cross-claims is DENIED as moot; and it is further

ORDERED that the remaining cross-claim for breach of contract by defendant and cross claimant Daniel Keefe against defendant and cross defendant Village of North Syracuse is DISMISSED as moot; and it is further

ORDERED that defendant and cross defendant Village of North Syracuse is directed to pay Hiscock and Barclay, LLP all reasonable attorneys' fees and related disbursements that have accrued or which shall accrue concerning the defense of defendant and cross claimant Daniel Keefe in this action and/or the prosecution of his cross claims within thirty days of being provided the firm's billing statement for such services and disbursements.

IT IS SO ORDERED.

DATED:   October 14, 2009
         Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge